

1  JASON M. FRIERSON
   United States Attorney
2  Nevada Bar No. 7709
   LISA C. CARTIER GIROUX
3  Assistant United States Attorney
   Nevada Bar No. 14040
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  Tel: (702) 388-6336
   Lisa.Cartier-Giroux@usdoj.gov
6  *Attorneys for the United States of America*

7

                    **UNITED STATES DISTRICT COURT**
8                   **FOR THE DISTRICT OF NEVADA**

9  UNITED STATES OF AMERICA,            No. 2:20-CR-00085-KJD-VCF

10        Plaintiff,

11             v.                        **Plea Agreement for Defendant
                                         Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and
12  LOUIS DAMATO,                        (B)**

13        Defendant.

14        This plea agreement between Louis Damato ("defendant") and the United States

15  Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

16  regarding the criminal charges referenced herein and the applicable sentences, and fines, in the

17  above-captioned case. This agreement binds only defendant and the USAO and does not bind

18  the district court, the U.S. Probation Office, or any other federal, state, local, or foreign

19  prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not

20  prohibit the USAO or any agency or third party from seeking any other civil or administrative

21  remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or

22  indirectly against defendant or defendant's property.

23        This agreement becomes effective upon signature by defendant, defendant's counsel, and

24  an Assistant United States Attorney.

# I. DEFENDANT'S OBLIGATIONS

1.     Defendant agrees to:

a.     At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Count 1 of the indictment in this case, which charges defendant with *Threat Against United States Official* in violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4) (Count One);

b.     Stipulate to the facts agreed to in this agreement;

c.     Abide by all agreements regarding sentencing contained in this agreement;

d.     Not seek to withdraw defendant's guilty plea once it is entered;

e.     Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

f.     Not commit any federal, state, or local crime;

g.     Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

h.     Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

## II. THE USAO'S OBLIGATIONS

2. The USAO agrees to:

    a. Stipulate to facts agreed to in this agreement;

    b. Abide by all agreements regarding sentencing contained in this agreement;

    c. At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

    d. At sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed;

    e. Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO.

## III. ELEMENTS OF THE OFFENSE

3. <u>Count One</u>: The elements of *Threats Against United States Official* under 18 U.S.C. §§ 115(a)(1)(B) and (b)(4) are as follows:

<u>First</u>: The defendant threatened to assault or murder United States Representative Dina Titus;

<u>Second</u>: At the time of the threat, the defendant was a federal official whose killing would be a crime 18 U.S.C. §1114; and

<u>Third</u>: The defendant acted with the intent to impede, intimidate, or interfere with that official while she was engaged in the performance of her official duties

1  or with the intent to retaliate against her on account of the performance of

2  her official duties.

### IV. CONSEQUENCES OF CONVICTION

4      4.    Maximum Statutory Penalties:

5         a.    Defendant understands that the statutory maximum sentence the district

6  court can impose for a violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4) as charged in Count

7  One, is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or

8  twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a

9  mandatory special assessment of $100.

10      5.    Parole Abolished: Defendant acknowledges that defendant's prison sentence

11  cannot be shortened by early release on parole because parole has been abolished.

12      6.    Supervised Release: Defendant understands that supervised release is a period of

13  time following imprisonment during which defendant will be subject to various restrictions and

14  requirements. Defendant understands that if defendant violates one or more of the conditions of

15  any supervised release imposed, defendant may be returned to prison for all or part of the term of

16  supervised release authorized by statute for the offense that resulted in the term of supervised

17  release, which could result in defendant serving a total term of imprisonment greater than the

18  statutory maximum stated above.

19      7.    Factors under 18 U.S.C. § 3553: Defendant understands that the district court

20  must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

21  However, the statutory maximum sentence limits the district court's discretion in determining

22  defendant's sentence.

23      8.    Potential Collateral Consequences of Conviction: Defendant understands that, by

24  pleading guilty, defendant may be giving up valuable government benefits and valuable civic

1  rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the

2  right to serve on a jury. Defendant understands that once the district court accepts defendant's

3  guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.

4  Defendant understands that the conviction in this case may also subject defendant to various

5  other collateral consequences, including but not limited to revocation of probation, parole, or

6  supervised release in another case and suspension or revocation of a professional license.

7  Defendant understands that unanticipated collateral consequences will not serve as grounds to

8  withdraw defendant's guilty plea.

9         9.      <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant

10  understands that, if defendant is not a United States citizen, the felony conviction in this case

11  may subject defendant to removal, also known as deportation, which may, under some

12  circumstances, be mandatory; denial of citizenship; and denial of admission to the United States

13  in the future. The district court cannot advise defendant fully regarding the immigration

14  consequences of the felony conviction in this case, but defendant's attorney has advised him

15  about the deportation risks of his guilty plea. Defendant understands that unexpected

16  immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

17  **V. FACTUAL BASIS**

18        10.    Defendant admits that defendant is, in fact, guilty of the offense to which

19  defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to

20  trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

21  doubt. Defendant further acknowledges that defendant's admissions and declarations of fact set

22  forth below satisfy every element of the charged offense. Defendant waives any potential future

23  claim that the facts defendant admitted below are insufficient to satisfy the elements of the

24

5

1  charged offense. Defendant admits and declares under penalty of perjury that the facts set forth

2  below are true and correct:

3          From on or about March 11, 2020, through March 16, 2020, while in Las Vegas, Nevada,

4  the defendant, using a cellular telephone, made a series of phone calls to the Washington, D.C.

5  Congressional Office of United States Representative Dina Titus. During the calls, he made

6  threats to assault and murder United States Representative Titus.  On March 16, 2020, at 6:46

7  a.m. (EST), the defendant intentionally left United States Representative Titus the following

8  threatening voicemail in which he stated:

9          You fucking whore you know who this is because I've been fucking tracing your

10          phone calls you've been calling the police. I've been calling the police since four

11          o'clock today. It's one three four in the morning you had me falsely evicted you

12          have been abusing the police force here that have been abusing me. So guess what?

13          I bought a fucking gun ok I'm coming to DC to blow your fucking head off! Send

14          the police for me cause I can't get them to come out. So maybe if I threaten your

15          fucking life and it's not a threat whore it's a promise … 18 terms you want? Fuck

16          you I'll blow your fucking head off before you can get to your 18 term and I won't

17          lose a vote because Donald Trump told me to tell you that you skank … I'll

18          fucking have you removed from the face of the earth and they'll never know you

19          existed and that's a promise whore tumbleweed Titus nobody will miss you and I

20          won't lose a vote.

21          Defendant stipulates and agrees that at the time the threat was made, Dina Titus,

22  was a federal official, specifically a United States Representative, whose killing would be

23  a crime 18 U.S.C. §1114. Defendant further stipulates and agrees that in making the

24  threat to assault and murder United States Representative Titus, he acted with the intent

1   to impede, intimidate, or interfere with her while she was engaged in the performance of

2   her official duties or with the intent to retaliate against her on acount of the performance

3   of her official duties.

## VI. SENTENCING FACTORS

5       11.    <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in

6   determining defendant's sentence, the district court is required to calculate the applicable

7   sentencing guidelines range and to consider that range, possible departures under the sentencing

8   guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant

9   understands that the sentencing guidelines are advisory only, that defendant cannot have any

10  expectation of receiving a sentence within the calculated sentencing guidelines range, and that

11  after considering the sentencing guidelines and the other § 3553(a) factors, the district court will

12  be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum

13  set by statute for the crime of conviction.

14      12.    <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in

15  calculating defendant's advisory guidelines sentencing range, the Court should use the following

16  base offense level and adjustments; acknowledge that these stipulations do not bind the district

17  court and agree that they will not seek to apply or advocate for the use of any other base offense

18  level or any other specific offense characteristics, enhancements, or reductions in calculating the

19  advisory guidelines range.

20      Base Offense Level USSG § 2A6.1(a)(1):    12

21      More than 2 Threats USSG § 2A6.1(b)(2):    +2

22      _____

23      Adjusted Offense Level:    14

24

13.   Career Offender: Defendant understands that defendant's offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.   Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources

15.   Criminal History Category: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

16.   Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

17.   The parties will jointly recommend that the district court impose a sentence of time served and that the defendant be entitled to all prior custody credit time. The parties will further jointly recommend that the district court impose a three-year term of supervised release. Defendant will not, either explicitly or implicitly, argue for a downward departure or variance

1  from defendant's offense level or criminal history category. In agreeing to this sentencing

2  recommendation, the parties have taken into consideration all of the factors set forth in 18

3  U.S.C. § 3553(a) and conclude that the recommended sentence is a reasonable sentence.

4      18.    The defendant agrees to not contact United States Representative Dina Titus in

5  any manner and to stay away from her home and offices in Washington D.C. and in the

6  District of Nevada as a condition of his supervised release.

7      19.    Defendant acknowledges that the district court does not have to follow the

8  recommendation of either party.

9      20.    Notwithstanding its agreement to recommend a sentence as described above, the

10  USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-

11  conviction litigation.

12      21.    If defendant commits any act that results in the Court finding that defendant is

13  not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to

14  argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event,

15  Defendant remains bound by the provisions of this agreement and shall not have the right to

16  withdraw defendant's guilty plea.

17  **VIII. WAIVER OF CONSTITUTIONAL RIGHTS**

18      22.    Defendant understands that by pleading guilty, defendant gives up the following

19  rights:

20      a.    The right to persist in a plea of not guilty;

21      b.    The right to a speedy and public trial by jury;

22      c.    The right to be represented by counsel—and if necessary have the court

23  appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to

24

10

1  be represented by counsel—and if necessary have the court appoint counsel—at every other stage

2  of the proceeding;

3        d.      The right to be presumed innocent and to have the burden of proof placed

4  on the USAO to prove defendant guilty beyond a reasonable doubt;

5        e.      The right to confront and cross-examine witnesses against defendant;

6        f.      The right to testify and to present evidence in opposition to the charges,

7  including the right to compel the attendance of witnesses to testify;

8        g.      The right not to be compelled to testify, and, if defendant chose not to

9  testify or present evidence, to have that choice not be used against defendant; and

10       h.      The right to pursue any affirmative defenses; Fourth Amendment or Fifth

11  Amendment claims; any other pretrial motions that have been or could have been filed; and

12  challenges to any adverse pre-trial rulings.

### IX. WAIVER OF APPELLATE RIGHTS

14       23.     <u>Waiver of Appellate Rights</u>: Defendant knowingly and expressly waives: (a) the

15  right to appeal any sentence imposed within or below the applicable Sentencing Guideline range

16  as determined by the district court; (b) the right to appeal the manner in which the district court

17  determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal

18  any other aspect of the conviction, including but not limited to the constitutionality of the statute

19  of conviction; any other aspect of the sentence, including but not limited to the constitutionality

20  of any imposed conditions of supervised release; and any order of restitution or forfeiture.

21       24.     Defendant reserves only the right to appeal any portion of the sentence that is an

22  upward departure or variance from the applicable Sentencing Guideline range as determined by

23  the district court.

25.   Waiver of Post-Conviction Rights: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

26.   Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEA
## OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

27.   Consequence of Withdrawal of Guilty Plea: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

28.   Consequence of Vacatur, Reversal, or Set-aside: Defendant agrees that if defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement, except that, should the USAO choose to

pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any

applicable statute of limitations will be tolled between the date of defendant's signing of this

agreement and the filing commencing any such action; and (ii) defendant waives and gives up all

defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such action, except to the extent that such defenses existed as of

the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

29.     Defendant agrees that if, at any time after this agreement becomes effective,

defendant knowingly violates or fails to perform any of defendant's obligations under this

agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

breach, and defendant shall not be deemed to have cured a breach without the express agreement

of the USAO in writing. If the USAO declares this agreement breached, and the district court

finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea

pursuant to this agreement, defendant will remain bound by the provisions of this agreement and

will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its

obligations under this agreement.

30.     Following the Court's finding of a knowing breach of this agreement by defendant,

should the USAO choose to pursue any charge contained in the indictment, or that was either

dismissed or not filed as a result of this agreement, or that the government agreed to move to

dismiss at sentencing as part of this agreement, then:

a.          Defendant agrees that any applicable statute of limitations is tolled between

the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31. Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32. Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

33. Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the

1  prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise

2  regarding the sentence defendant will receive, except that it will be within the statutory

3  maximum.

### XIV. ADDITIONAL ACKNOWLEDGMENTS

5      34.    Defendant acknowledges that:

6          a.    Defendant read this agreement and defendant understands its terms and

7  conditions.

8          b.    Defendant had adequate time to discuss this case, the evidence, and this

9  agreement with defendant's attorney.

10          c.    Defendant carefully and thoroughly discussed all terms of this agreement

11  with defendant's attorney.

12          d.    Defendant understands the terms of this agreement and voluntarily agrees

13  to those terms.

14          e.    Defendant has discussed with defendant's attorney the following: the

15  evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

16  might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a);

17  the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

18          f.    The representations contained in this agreement are true and correct,

19  including the factual basis for defendant's offense set forth in this agreement.

20          g.    Defendant was not under the influence of any alcohol, drug, or medicine

21  that would impair defendant's ability to understand the agreement when defendant considered

22  signing this agreement and when defendant signed it.

23      35.    Defendant understands that defendant alone decides whether to plead guilty or go

24  to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of

1    the charges brought against defendant, defendant's possible defenses, and the benefits and

2    possible detriments of proceeding to trial.

3         36.    Defendant understands that no promises, understandings, or agreements other

4    than those set forth in this agreement have been made or implied by defendant, defendant's

5    attorney, or the USAO, and no additional promises, agreements, or conditions shall have any

6    force or effect unless set forth in writing and signed by all parties or confirmed on the record

7    before the district court.

8         37.    Defendant acknowledges that defendant decided to plead guilty voluntarily and

9    that no one threatened, coerced, or forced defendant to enter into this agreement.

10        38.    Defendant is satisfied with the representation of defendant's attorney, and

11   defendant is pleading guilty because defendant is guilty of the charges and chooses to take

12   advantage of the promises set forth in this agreement and for no other reason.

13             **XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

14        39.    The parties agree that this agreement will be considered part of the record of

15   defendant's guilty plea hearing as if the entire agreement had been read into the record of the

16   proceeding.

17   AGREED AND ACCEPTED

18   UNITED STATES ATTORNEY'S OFFICE
     FOR THE DISTRICT OF NEVADA
19
     JASON M. FRIERSON
20   United States Attorney

21   _____          11 - 4 - 2022

22   LISA C. CARTIER GIROUX                    _____
     Assistant United States Attorney          Date

23

24

LOUIS DAMATO
Defendant

8/29/2022
Date

REBECCA LEVY
Attorney for Defendant Louis Damato

9/26/2022
Date

17